254 February 11, 2019 No. 12

IN THE OREGON TAX COURT
REGULAR DIVISION

Christopher C. DeGROAT
*Plaintiff*,
*v.*
DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant*.
(TC 5322)

Taxpayer claimed a deduction on his federal income tax return for attorney fees related to alimony payments, which the Department of Revenue (the department) denied. After a trial in the Magistrate Division, taxpayer appealed to the Regular Division. Taxpayer was unable to prove by a preponderance of the evidence that he had incurred the attorney fees for a deductible purpose and that he had "actually paid the money to his attorney in 2013." The court held that taxpayer had failed to meet his evidentiary burden and was therefore not entitled to a deduction for attorney fees.

Trial was held in the courtroom of the Oregon Tax Court on September 24, 2018.

Plaintiff Christopher C. DeGroat argued the cause *pro se*.

James C. Strong, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant Department of Revenue.

Decision for Defendant rendered February 11, 2019.

**ROBERT T. MANICKE, Judge.**

## I. INTRODUCTION

This personal income tax matter is before the court after trial. The tax year at issue is 2013. Plaintiff (taxpayer) asserts that he was entitled to a deduction for certain attorney fees. Defendant Department of Revenue (the department) asserts that taxpayer is not entitled to the deduction.

## II. FACTS

Taxpayer reported an expense of $19,775 on his 2013 federal income tax return with the description "Legal

Fees Re: Alimony." Taxpayer chose to claim the expense as a deduction, listing it as the sole item on Line 23 of his Schedule A, in the category "Other expenses." The Internal Revenue Code (the "Code" or "IRC") includes such items as "miscellaneous itemized deductions." *See Knight v. Comm'r*, 552 US 181, 184, 128 S Ct 728, 169 L Ed 2d 652 (2008) (explaining "miscellaneous itemized deductions"). IRC section 67(a), known as the "two-percent floor" rule, provides that a taxpayer's miscellaneous itemized deductions are deductible only to the extent that the aggregate of the deductions exceeds two percent of the taxpayer's total adjusted gross income for the year.[1] The two-percent floor reduced taxpayer's deduction for the legal fees to $18,871 (the "Attorney Fees").

The department audited taxpayer's 2013 Oregon income tax return and proposed adjustments to taxpayer's deduction for the Attorney Fees, as well as his deduction for certain alimony payments, resulting in a net tax owed of $2,043,[2] and added a "substantial underpayment of taxable income" penalty of $408.[3] The department explained its adjustments in the Notice of Deficiency (Deficiency Notice) sent to taxpayer on September 23, 2016. The Deficiency Notice stated that the department had adjusted taxpayer's alimony deduction because taxpayer had failed to properly substantiate his allocation between amounts he had paid in child support (a nondeductible expense for payor spouse), and money he had paid out in alimony (a deductible expense for the payor spouse) during 2013. IRC §§ 71(c), 215(a). This adjustment resulted in a reduction of alimony paid from

---

[1] Unless otherwise stated, the court's references to the IRC, federal Treasury Regulations (Treas Reg) and the Oregon Revised Statutes (ORS) are to the 2013 editions.

[2] The department's disallowance of taxpayer's miscellaneous itemized deduction resulted in a standard deduction amount lower than the net Oregon itemized deduction. ORS 316.695(1)(c)(A). Therefore, the department allowed taxpayer to take the standard deduction appropriate for his filing status.

[3] A substantial understatement of taxable income exists if the department determines that a taxpayer has underreported the taxpayer's taxable income by more than $15,000 for any taxable year. ORS 314.402(2)(a). The penalty is equal to 20 percent of the difference between the amount the taxpayer reported and the amount the department determines the taxpayer to owe. ORS 314.402(1). The department is then required to add the penalty amount to the total amount of tax the taxpayer is required to pay for that year. *Id.*

$23,637 to $17,800. The department also disallowed any deduction for the Attorney Fees. The department asserted that (1) the Attorney Fees were incurred in connection with taxpayer's divorce, a nondeductible personal expense; and (2) the Attorney Fees were not paid in connection with the production of income, as required by IRC section 62. IRC § 62; Treas Reg § 1.262-1.

Taxpayer requested and received a formal conference with the department regarding both adjustments. On March 10, 2017, the department issued a Conference Decision Letter informing taxpayer that it had restored taxpayer's alimony claim to the original amount claimed but that it continued to deny taxpayer's deduction for the Attorney Fees. The department reduced the substantial understatement penalty to reflect the restoration of taxpayer's original alimony deduction. Taxpayer appealed to the Magistrate Division from the final Notice of Assessment that accompanied the Conference Decision Letter. Following trial, the magistrate issued a decision in favor of the department, and taxpayer appealed to the Regular Division.

III.   ISSUE

The issue is whether taxpayer is entitled to the deduction he claimed for the Attorney Fees.

IV.   ANALYSIS

When the department denies a deduction and a taxpayer appeals, the taxpayer bears the burden of showing by a preponderance of the evidence that the deduction is allowable. ORS 305.427; *Baisch v. Dept. of Rev.*, 316 Or 203, 211, 850 P2d 1109 (1993). A "preponderance" of the evidence means "the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). Oregon courts have concluded that when the law places the burden of proof on the taxpayer, as it does in this case, it is the responsibility of the taxpayer to put forward "sufficient evidence which will weigh more in the mind of the trier of fact than the * * * weight of the evidence adduced by the [department] * * *." *Sproul v. Commission*, 1 OTR 31, 65 (1962), *rev'd on other grounds by Sproul v. State Tax Com.*, 234 Or 567, 382 P2d 99 (1963). The "preponderance

of evidence" standard requires (1) a taxpayer to provide the court with facts supporting the taxpayer's position; and (2) that those facts must outweigh the department's evidence. *See Dept. of Rev. v. Bahr I*, 20 OTR 434, 448 (2012) (stating that when the evidence in the record does not favor either side, "the court must find against the party bearing the burden of proof"). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof \*\*\*." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

In this case, taxpayer must show by a preponderance of the evidence that he is entitled under federal and state law to deduct the Attorney Fees. *See* ORS 305.427. To do this, taxpayer generally must prove two things: first, that he incurred the Attorney Fees for a *deductible purpose* under both federal and state law, and second, that he *actually paid* the money to his attorney in 2013. The department asserts that taxpayer has not proven either of these two things.

When determining whether a taxpayer is entitled to a deduction under federal law, the court applies federal and Oregon case law on the subject. *Baisch*, 316 Or at 209-10. Federal courts have held that obtaining a divorce is a personal matter that Congress has not decided to subsidize through the income tax laws, and Oregon follows this rule. *See, e.g.*, *United States v. Gilmore*, 372 US 39, 49, 83 S Ct 623, 9 L Ed 2d 570 (1963) (stating rule); *see also* Treas Reg § 1.262-1(7) ("Generally, attorney's fees \*\*\* paid in connection with a divorce \*\*\* are *not* deductible by either the husband or the wife." (Emphasis added.)). However, divorce-related legal fees that are allocable to income-producing activities, tax advice, or a dispute regarding entitlement to business profits may be deductible under IRC section 212. *See Hill v. Comm'r*, 100 TCM (CCH) 513 (2010), 2010 WL 5108761 *8, (as amended Dec 22, 2010) (citing *Wild v. Comm'r*, 42 TC 706, 711 (1964)) (legal fees incurred to produce monthly alimony payments, which were includible in the taxpayer's gross income, were deductible under section 212); *Seidel v. Comm'r*, TCM (RIA) 2005-67 (2005), 2005 WL 730077 *12 (US Tax Ct) (holding that taxpayer is entitled to deduct attorney fees incurred in divorce proceedings to extent that such fees were paid in

order to secure production of income, *i.e.*, distribution from former husband's 401(k) plan includible in her income as alternate payee).

Taxpayer has not claimed that the reason he paid the Attorney Fees in 2013 was related to income production, preserving investment assets, or to protect his entitlement to property. However, taxpayer does claim that he paid the Attorney Fees for tax advice related to his divorce.[4]

Congress has declared, in section 212(3) of the Code ("Section 212(3)"):

> "In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—
>
> "* * * * *
>
> "(3)  in connection with the determination, collection, or refund of any tax."

Over the years, federal regulations, federal case law and pronouncements by the Internal Revenue Service have interpreted Section 212(3). Treasury Regulation 1.212-1(l) states that expenses paid for "tax counsel" in connection with any "proceedings involved in determining the extent of [a taxpayer's] tax liability" can be deductible. In 1972, the IRS released a Revenue Ruling on the meaning of the deduction, stating, "[i]n order for an expense to be deductible under Section 212(3) of the Code it must relate solely to tax counsel." Rev Rul 72-545, 1972-2 CB 179 (citing *United States v. Davis, et al.*, 370 US 65, 66, 82 S Ct 1190, 8 L Ed 2d 335 (1962) (citations omitted)). That same Revenue Ruling also states, "[w]hen a taxpayer pays the same lawyer for both tax advice and advice on other matters, the taxpayer must substantiate what portion of the legal fees was for tax advice in order to receive the deduction." Rev Rul 72-545, 1972-2 CB 179 (citing *Fleischman v. Comm'r*, 45 TC 439 (1966)). The court agrees with these interpretations.

---

[4] At trial, taxpayer explained that he sought "tax advice" incidental to his divorce "because there was a business involved, there was personal wages involved, so I needed to also get tax assistance for that." Taxpayer stated "[t]hat bill was related to not all of my divorce fees, as the Department of Revenue keeps suggesting but related specifically to tax advice."

To "substantiate" means "to establish the existence or truth; to verify." *Webster's Third New Int'l Dictionary* 2280 (unabridged ed 2002); *see also Gorokhovsky v. Comm'r*, 104 TCM (CCH) 87, & 549, 527 (7th Cir 2013) (finding that taxpayer's submission of self-generated, handwritten notes was not credible evidence of claimed deductions for legal services, and thus was insufficient to meet the taxpayer's burden of proof). Therefore, in this case, in order to substantiate the Attorney Fees as required by federal case law, taxpayer must provide the court with credible evidence verifying that the Attorney Fees were paid in exchange for legal advice relating to tax counsel and not legal advice related to his divorce.

All the evidence in the record was introduced by the department at trial. Taxpayer reviewed the evidence and agreed it was authentic. Taxpayer did not introduce any other documents, witness testimony, or other evidence.

The court has examined the record in detail to determine whether taxpayer's deduction for Attorney Fees is properly substantiated. Defendant's Exhibits A through N in the record contain court documents from taxpayer's dissolution of marriage proceeding in Clackamas County. Defendant's Exhibit O is taxpayer's 2013 Tax Return. Defendant's Exhibit P is the Deficiency Notice. Defendant's Exhibit Q is the Conference Decision Letter mailed by the department to the taxpayer on March 10, 2017. Defendant's Exhibit R is the Notice of Assessment mailed by the department to the taxpayer on May 5, 2017.

The only evidence describing the purpose of the legal advice consists of attorney billing narratives for some periods in 2012-13, which describe various activities by a lawyer. However, the narratives say nothing about tax advice. This evidence alone is insufficient to verify that taxpayer incurred the Attorney Fees in exchange for legal advice relating to tax counsel, as opposed to legal advice related to taxpayer's divorce.

The court next considers whether taxpayer has produced sufficient evidence to prove that he actually paid money to an attorney in 2013. The sections of the Code governing whether a deduction is allowable are based, in part,

on the taxpayer's method of accounting for the taxable year for which the taxpayer seeks the deduction. *See* IRC § 461(a) ("The amount of any deduction \*\*\* shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income."). IRC section 446(c) allows a taxpayer to compute taxable income under a cash receipts and disbursements method of accounting (the "Cash Method").

taxpayer used the Cash Method on his 2013 Schedule C. Because taxpayer reported income in 2013 on the Cash Method, he must also report deductions on the Cash Method. *Comm'r v. South Texas Lumber Co.*, 333 US 496, 501, 68 S Ct 695, 92 L Ed 831 (1948). A Cash Method taxpayer may only deduct expenses in the year actual payment takes place. Treas Reg § 1.446-1(c)(1)(i); *e.g.*, *Holmes v. Comm'r*, 93 TCM (CCH) 1137 (2007), 2007 WL 1201571 *2 (US Tax Ct). "Generally, delivery of a check will constitute payment." *Reynolds v. Comm'r*, 79 TCM (CCH) 1376 (2000), 2000 WL 37730 *10, & 296, 607 (7th Cir 2002); *see Guy v. Comm'r*, 105 TCM (CCH) 1626 (2013), 2013 WL 1501524 *3 (because taxpayers lacked evidence as to when *they mailed or delivered* a check to their attorney, taxpayers were not entitled to a Schedule C deduction for legal services in 2007 tax year, where check was dated December 29, 2006, and attorney deposited check on January 30, 2007) (emphasis added); *Zarrinnegar v. Comm'r*, 113 TCM (CCH) 1148 (2017), 2017 WL 568550 *3 (taxpayers entitled to Schedule C expense deduction on their 2011 return on the basis of expenses incurred on their 2011 credit card statement). Thus, in addition to the substantiation requirement discussed above, taxpayer must also prove by a preponderance of the evidence that he mailed or delivered a check or cash, or that he incurred a charge on his credit card in satisfaction of his debt for the Attorney Fees, on or before December 31, 2013.

Defendant's Exhibit K is the Declaration of Matthew D. Lyon, filed on December 10, 2013, in Clackamas County Circuit Court. This document appears to show that attorney Matthew D. Lyon sought permission from the court to withdraw as taxpayer's counsel in his divorce proceedings

in Clackamas County during 2013. There is no evidence in this document, nor in any of other court filings contained in Defendant's Exhibits A through N, that suggest taxpayer actually paid money to an attorney for tax advice related to this divorce in 2013. Without more, the court concludes that taxpayer has not proven by a preponderance of the evidence that he is entitled to the deduction for Attorney Fees actually paid out in 2013.

Having addressed the merits of taxpayer's claim, the court concludes by addressing questions taxpayer raised at trial. Taxpayer stated that he did not understand what the "catalyst" was that caused "this deduction suddenly not to be acceptable." He stated that he did not understand when the department first notified him of the assessment. ("What year did the Department of Revenue first raise this as a concern?") Taxpayer also asked when interest began to accrue on the deficiency amount. ("Being that I wasn't notified for three years, at what point did the interest start accruing?")

Nothing in the evidence indicates that any particular catalyst triggered the audit. None is required. Oregon law generally gives the department three years from the time a tax return is filed to examine a taxpayer's return and provide notice to a taxpayer that it is asserting a deficiency in the amount of tax paid by mailing the notice to the person's last known address. ORS 314.410(1), ORS 305.265(11). In this case, the amount of taxpayer's deduction for the Attorney Fees was very high in relation to his total income—about 27 percent. Based on the record, the court finds nothing unusual in the fact that the department audited taxpayer's return or in the procedures the department followed, which the court has summarized above.

The department notified taxpayer of the deficiency by mailing the Deficiency Notice to him on September 23, 2016. Taxpayer does not deny receiving the Deficiency Notice. The Deficiency Notice gave taxpayer the option of paying the balance of his assessment at any point during the appeal process, stating that "[p]ayment doesn't mean you agree with this notice, it just stops more interest from accruing." The Deficiency Notice also explained that if the

deficiency is reduced as a result of the taxpayer's appeal, any interest that has accrued during the appeal process is also reduced. ORS 305.270(1). Taxpayer did not pay his assessment at any time during the appeal process. At taxpayer's request, the court granted a waiver, based on undue hardship, of the requirement to pay at the time of his appeal to the Regular Division. Order Regarding Deferral or Waiver of Filing Fee for Plaintiff, *DeGroat v. Dept. of Rev.*, TC 5322 (Or Tax, Mar 6, 2018). Thus, interest likely began to accrue on April 15, 2014, the due date of taxpayer's 2013 return. OAR 150-314-0165; ORS 305.265(13). Interest continues to accrue.

## V.    CONCLUSION

For the foregoing reasons, the court concludes that taxpayer failed to meet his evidentiary burden to prove by a preponderance of the evidence that he paid the Attorney Fees during 2013 for tax advice received incident to his divorce. Now, therefore,

IT IS THE OPINION OF THIS COURT that Defendant properly denied Plaintiff's claim for a deduction from his Oregon taxable income for the Attorney Fees in 2013. Counsel for Defendant is directed to submit an appropriate form of judgment.