IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ASNIEL SANCHEZ RODRIGUEZ, )
)
Plaintiff, ) TC-MD 240485R
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **DECISION**

Plaintiff appealed Defendant's Notice of Assessment dated April 29, 2024, for the 2020

tax year. (Def's Ex A at 15.) A trial was held on March 12, 2025, in the courtroom of the

Oregon Tax Court. Plaintiff Asniel Sanchez Rodriguez represented himself and testified through

court interpreters, Judy Jenner and Jeff Adams. Defendant was represented by its auditor,

Shelley Malmgren (Malmgren), who testified on behalf of Defendant. Plaintiff's Exhibits 1

through 8 and Defendant's Exhibits A through M were received without objection.

I.  STATEMENT OF FACTS

In 2020, Plaintiff earned money as a delivery driver for Uber, Amazon, Door Dash, and

Postmates. (Def's Ex F at 1.) Plaintiff testified that he made deliveries using his 2020 Kia. He

recorded daily mileage on hand-written notes, which he later transcribed into a notebook. (Ptf's

Ex 1.) Of the companies he delivered for, only Uber tracked and reported his mileage. (Def's

Ex J.) Plaintiff also kept a notebook containing his gas expenses, but he testified that he no

longer had the corresponding receipts. (Ptf's Ex 2.)

Plaintiff testified that he financed the purchase of the Kia around December 26, 2019.

(Ptf's Ex 6; Def's Ex H.) Prior to that purchase, Plaintiff made deliveries using his 2014 Honda.

Plaintiff initially claimed exclusive business use of the Kia but later acknowledged using it for

personal errands after work. Plaintiff submitted a Vehicle Service History Report for the Kia that he received from Jiffy Lube and testified that this showed service done to the vehicle, including oil and filter changes. (Ptf's Ex 7; Def's Ex I.)

On Schedule C of his federal Form 1040, Plaintiff claimed $72,868 in gross income for 2020. (Def's Ex B at 5, line 7.) He testified that this amount was determined from documents received from the companies he delivered for. Plaintiff claimed $18,276 for car and truck expenses and testified that this number included expenses for insurance, gas, parking, maintenance, and oil changes. (*Id*., line 9.) He was unsure exactly how that number was computed and testified he sent all his documentation to his tax preparer. Plaintiff also claimed $18,100 for depreciation. (*Id*., line 13.) He testified he was uncertain how his tax preparer determined this amount, and he did not know if he claimed depreciation for the Kia on his 2019 tax return. Plaintiff claimed $7,109 for repairs and maintenance and $4,609 for supplies. (*Id*., lines 21, 22.) He also claimed additional expenses that were outside the scope of Defendant's audit.

According to Defendant, Plaintiff claimed $16,200 in depreciation on his 2019 federal return. (Def's Ex K at 5, line 13.) Malmgren testified that this was the accelerated maximum amount allowed. She testified that she thought this depreciation was claimed for the Kia and that she did not believe it was for the Honda, but she could not be sure.

Malmgren sent Plaintiff a letter on October 23, 2023, notifying him that she was reviewing his 2020 Oregon Personal Income Tax return, asking him to schedule an audit appointment, and requesting additional documents. (Def's Ex A at 1-2.) She sent a Proposed Adjustment Letter on January 22, 2024, a Notice of Deficiency on March 11, 2024, and a Notice of Assessment on April 29, 2024. (*Id*. at 5-8, 9-13, 15-16.) In the Notice of Deficiency,

Defendant disallowed the 2020 deductions delineated above, which amounted to $48,094.[1] (*Id.* at 10.) Defendant also determined an understatement of income amounting to $8,393 and assessed a $929 substantial understatement of tax penalty. (*Id.* at 11.) The Notice of Assessment indicated $4,595 in additional tax due, along with interest and penalties. (*Id.* at 15.)

Malmgren testified that Plaintiff's mileage logs were not kept contemporaneously and did not meet substantiation requirements. She explained Uber's mileage tracking was unreliable because it recorded mileage whenever the app was on. Therefore, actual miles driven for a business purpose could not be verified. She estimated allowable expenses using third-party documents and allowed an $822 deduction for car and truck expenses. (Def's Ex G at 1; *see* pp 2-138 for calculations.) This reduced the adjustment to $47,272. (*Id.* at 1.) She also made corresponding adjustments to Plaintiff's self-employment tax deduction and to his substantial underpayment of tax penalty. *(Id.* at 139, 141.)

Malmgren also conducted a bank deposit analysis and identified $8,394 in unidentified deposits. (Def's Ex D at 2.) She testified that Plaintiff did not respond to her request to identify the deposits. Plaintiff testified that these deposits were from family and friends. Malmgren excluded deposits that appeared to be loans or repayments based on proximate withdrawals.

## II. ANALYSIS

The issues in this case are whether Plaintiff substantiated vehicle-related deductions under Internal Revenue Code (IRC) section 274(d) and whether he had unreported income in 2020.[2] Federal tax provisions apply to this state tax matter because Oregon defines taxable

---

[1] The disallowed deductions include car and truck expenses ($18,276); depreciation ($18,100); repairs and maintenance ($7,109); and supplies ($4,609).

[2] The court's references to the IRC are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue.

income by reference to the federal tax code, subject to certain modifications not pertinent here. *See* ORS 316.022(6); 316.048.[3] When the Department of Revenue denies a deduction, the taxpayer bears the burden of showing its validity by a preponderance of the evidence. ORS 305.427; *DeGroat v. Dept. of Rev.*, 23 OTR 254, 256 (2019). A "preponderance" of the evidence means "the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). When applying the "preponderance of evidence" standard and the evidence in the record does not favor either side, "the court must find against the party bearing the burden of proof." *Dept. of Rev. v. Bahr I*, 20 OTR 434, 448 (2012). The court first addresses substantiation of Plaintiff's claimed deductions for car and truck, repairs and maintenance, and supplies.

A.      *Car and Truck, Repairs and Maintenance, and Supplies Expenses*

IRC section 162(a) allows deductions for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Conversely, IRC section 262(a) generally disallows deductions for "personal, living, or family expenses" not otherwise allowed under the IRC.

The court may estimate expenses where there is a reasonable basis to do so under *Cohan v. Comm'r*, 39 F2d 540, 543-44 (2nd Cir 1930). *See Vanicek v. Comm'r*, 85 TC 731, 743 (1985). However, IRC § 274(d) imposes strict substantiation requirements for certain expenses, including vehicle use. Taxpayers must maintain adequate records or provide sufficient corroborating evidence. Temp Treas Reg § 1.274-5T(c)(2)–(3). The court may not estimate such expenses if § 274(d) applies. *See Schladweiler v. Comm'r*, 80 TCM (CCH) 681 (2000), 2000 WL 1690282 at *3, *aff'd*, 28 F Appx 602 (8th Cir 2002).

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to the 2019 edition.

Certain categories of business expenses, such as "property used as a means of transportation," must meet strict substantiation requirements under IRC section 274 to be deductible. IRC § 280F(d)(4). IRC section 274(d) requires taxpayers to substantiate each element of such expenses "by adequate records or by sufficient evidence corroborating the taxpayer's own statement." If a taxpayer fails to substantiate an expense as required by section 274(d), he is not entitled to a deduction for that expense, no matter how plausible it may be that he paid the expense. *See* Temp Treas Reg § 1.274-5T(a)(4) (stating that the IRC section 274(d) substantiation requirement "supersedes the doctrine found in *Cohan v. Commissioner*"). "For expenses covered by section 274, the proposition is simple—a taxpayer who cannot prove the expense loses the deduction." *Schladweiler v. Comm'r*, 80 TCM (CCH) 681 (2000), 2000 WL 1690282 at *3 (US Tax Ct), *aff'd*, 28 F Appx 602 (8th Cir 2002).

Under the Treasury Regulations, vehicle expenses can be substantiated in one of two ways. First, a taxpayer may meet the "adequate records" requirement by keeping a contemporaneous diary or log showing the date, miles, and business purpose for each use of the vehicle. Temp Treas Reg § 1.274-5T(b)(6), (c)(2); *see also Kilpatrick v. Comm'r*, 112 TCM (CCH) 277 (2016), 2016 WL 4521629 at *6. The second way a taxpayer may substantiate the elements is by relying on "other sufficient evidence"—generally a combination of the taxpayer's detailed statement and other corroborative evidence for each element. Temp Treas Reg § 1.274-5T(c)(3)(i).

Plaintiff testified that he kept daily records of mileage, which he submitted as an exhibit at trial. Even assuming the logs were contemporaneous, they recorded only the date and total daily mileage, without identifying individual trips or their business purpose. Plaintiff also submitted a log of gas expenses but failed to produce receipts or other documentation

substantiating them as being fuel used for his delivery driving. The court is persuaded that Plaintiff used his vehicle routinely for business purposes and drove numerous miles while doing so. However, he failed to sufficiently substantiate his alleged $18,276 in car and truck expenses.

As with his vehicle expenses, Plaintiff failed to substantiate his claimed deductions for repairs and maintenance and supplies. He could not explain what these expenses included or how they were calculated. Defendant properly disallowed those deductions.

B.    *Depreciation*

IRC section 167(a) allows depreciation deductions for property used in a trade or business. Under one approach for calculating depreciation, 100 percent depreciation is available in the first year for certain "qualified property" that is used for business, placed in service during certain periods, and new to the taxpayer.[4] *Johnson v. Dept. of Rev.*, TC-MD 230350R, 2025 WL 842217, at *3 (Or Tax M Div, Mar 13, 2025); IRC § 168(k). Bonus depreciation must be claimed in the tax year "in which [the] property is placed in service." IRC § 168(k)(1)(A). "A taxpayer has the burden of establishing the reasonableness of a depreciation deduction and must justify the method used." *Miller v. Dept. of Rev.*, 327 Or 129, 139, 958 P2d 833 (1998).

Plaintiff claimed $16,200 in depreciation in 2019 and $18,100 in 2020. Plaintiff could not explain which vehicle the deductions applied to or how they were calculated. He provided documentation showing the Kia was placed in service in late 2019, making it ineligible for bonus depreciation in 2020. Because Plaintiff failed to substantiate the 2020 deprecation deduction or explain its calculation, the court finds Defendant's disallowance appropriate.

/ / /

/ / /

---

[4] This method is commonly called "bonus" depreciation.

C.     *Bank Deposit Analysis*

Defendant identified additional, unreported income for Plaintiff found through Defendant's bank deposit analysis. As an initial matter, "gross income" includes "all income from whatever source derived." IRC § 61(a). Taxing agencies may use a bank deposit analysis to identify unreported income. This method is accepted as correct unless rebutted by the taxpayer with specific evidence showing that deposits stem from nontaxable sources. *DenHerder v. Dept. of Rev.*, TC-MD 210393R, 2023 WL 6303205 at *2 (Or Tax M Div, Sept 27, 2023).

Plaintiff did not provide documentation or testimony sufficient to rebut Defendant's findings from the bank deposit analysis. As stated above, it was Plaintiff's burden to do so. Where an unidentified deposit was in proximity to a corresponding withdrawal of the same amount, Defendant did not include the deposit as additional income and instead treated it as a loan or repayments from family and friends. However, other unidentified deposits remained unaccounted for and were treated as additional income. The court accepts Defendant's analysis, which increases unreported income by $8,393 for the 2020 tax year.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

Plaintiff failed to substantiate his claimed deductions under IRC section 274(d) and to identify the sources of unreported income for the 2020 tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for the 2020 tax year is denied.

RICHARD D. DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR. Your complaint must be submitted within <u>60</u> days after the date of this Decision, or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard D. Davis and entered on October 28, 2025.*